**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | § § § | |
| Plaintiff, | § § | EP-12-CR-00849-FM |
| v. | § § | |
| (16) DANIEL FRANCO LOPEZ, | § § § | |
| Defendant. | § | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the court is "Daniel Franco Lopez's Motion to Dismiss and Memorandum of Law in Support" [ECF No. 1196], filed February 28, 2023, by Daniel Franco Lopez ("Defendant") and the Government's "Response to Daniel Franco Lopez's Motion to Dismiss and Memorandum of Law in Support" [ECF No. 1197], filed March 13, 2023. Therein, Defendant moves to dismiss an indictment for actions committed on behalf of the Sinaloa Cartel.[1] Defendant argues that he is being extradited to the U.S. to receive punishment for crimes he is already serving time for in Mexico. For the reasons that follow, the motion is denied.

### I.  BACKGROUND

On April 11, 2012, a federal grand jury returned an indictment against Daniel Franco Lopez and many other leaders or high-ranking members of the Sinaloa Cartel.[2] Defendant was Torres Marrufo's (One of the Sinaloa cartel's regional lieutenants and El Chapo's number one man in the

---

[1] "Daniel Franco Lopez's Motion to Dismiss and Memorandum of Law in Support" 1, ECF No. 1196, filed Feb. 28, 2023.

[2] "Sealed Indictment" 1, ECF No. 49, filed April 11, 2012.

1

Juarez area) "right-hand man," who often coordinated cocaine and marijuana shipments, the pickup of drug proceeds, and kidnappings and murders for Torres Marrufo.[3] Defendant was charged with contributing to the Racketeering Conspiracy, Conspiracy to Possess with intent to Distribute a Controlled Substance pursuant to Title 21, U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(ii) and (vii), Conspiracy to Import a Controlled Substance pursuant to Title 21, U.S.C. §§ 963 and 952(a) and 960(a), (b)(1)(B) and (G), Conspiracy to Launder Monetary Instruments pursuant to 18 U.S.C. § 1956(a)(2)(A) & (h), Conspiracy to Possess Firearms in Furtherance of any Crime of Violence or Drug Trafficking Crime pursuant to 18 U.S.C. § 924(o), and Engaging in a Continuing Criminal Enterprise in furtherance of Drug Trafficking pursuant to 21 U.S.C. §§ 848 (b)(1) and (b)(2)(A).[4]

Defendant was also charged in Mexico and arrested by the Government of Mexico.[5] Defendant was subsequently sentenced on his Mexican charges to twenty years.[6] The U.S. Government moved to extradite Defendant from Mexico. Pursuant to the terms of the Extradition Treaty between the United States of America and the United Mexican States, the government sent an extradition packet to the Government of Mexico with an explanation of the charges, affidavits from agents and cooperators, and an explanation of the applicable laws.[7]

On February 19, 2013, the Mexican Secretariat of Foreign Affairs incorporated the analysis of the presiding Mexican judicial officer when it issued its decree as to Defendant's extradition

---

[3] *Id.* at 12.

[4] *Id.* at 12–24.

[5] "Government's Response to Daniel Franco Lopez's Motion to Dismiss and Memorandum of Law in Support" 2, ECF No. 1197, filed March 13, 2023.

[6] *Id.*

[7] *Id; See* May 4, 1978, 31 U.S.T. 5059 ("Extradition Treaty").

request from the U.S. government. The consent decree ("decree") provided a detailed description of the Mexican government's basis and conclusions for extradition in light of the Extradition Treaty. This included a full review of the Defendant's *non bis in idem* arguments. Specifically, the decree states that the Defendant, "argues that Article 6 of the Bilateral Extradition Treaty… the principle of *non bis in idem* is being violated in detriment of the extraditable person, in that the facts which underlie the Requesting State's petition are the same facts which give rise to the prosecution [in Mexico]."[8] The Secretariat found Defendant's statements "unfounded."[9] In reaching this conclusion, the decree states that the United States is prosecuting Defendant for illegal conduct that occurred on U.S. soil.[10] The decree lays out, "if a certain act or conduct is carried out at different times and in different manners, even when such act or conduct indeed constitutes a crime by virtue of being statutorily defined, wrongful, and culpable, it in no way holds true that we are dealing with the same crime, notwithstanding the shared elements."[11] Having considered Defendant's *non bis in idem* arguments, the Mexican Government decided to grant the U.S. Government's extradition request.

## II.  LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) provides, "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."[12] The Fifth Circuit has stated that when deciding a pre-trial motion to dismiss an

---

[8] "The consent decree" ("decree") 108, ECF No. 1198–2, filed March 13, 2023.

[9] *Id.*

[10] *Id.* at 116.

[11] *Id.*

[12] FED. R. CRIM. P. 12(b)(1).

indictment "by-and-large [is] contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact."[13] "If a question of law is involved, then consideration of the motion is generally proper."[14]

### III. DISCUSSION

Defendant's motion asks this court to dismiss his indictment because it violates the *non bis in idem* clause of the extradition treaty. Based on the factual background, Defendant's motion really boils down to one issue: should this court disturb the ruling and decision of the Mexican government? For the following reasons, the answer to that question is affirmatively *no*.

Given the decree's conclusions, the Defendant believes the Mexican government got it wrong, but it is not this courts prerogative to address that due to the doctrine of international comity. International comity is neither an absolute obligation, nor a mere courtesy and goodwill. It is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws.[15]

When the case involves an extradition treaty, "[i]t is well-established that 'a foreign government's decision to extradite an individual in response to a request from the United States is not subject to review by United States courts.'"[16] The Second Circuit has concluded that once an extraditing country's decision regarding the extraditability of an offense is made, our courts cannot

---

[13] *U.S. v. Korn*, 557 F.2d 1089, 1090 (5th Cir. 1977).

[14] *Id.*

[15] *Hilton v. Guyot*, 159 U.S. 113, 164 (1895).

[16] *United States v. Salinas Doria*, No. 01 CR.21 (GEL), 2008 WL 4684229 *2 (S.D.N.Y. Oct. 21, 2008) (*citing United States v. Medina*, 985 F.Supp. 397, 401 (S.D.N.Y. 1997).

second-guess another country's grant of extradition to the United States.[17] It could hardly promote harmony to request a grant of extradition and then, after extradition is granted, have the requesting nation take the stance that the extraditing nation was wrong to grant the request.[18]

Here, the United States has charged Defendant and issued a warrant for his arrest. The U.S. Government sent those charges as well as evidence supporting said charges to the Mexican government formally requesting Defendant's extradition. Armed with this information, the Mexican government was well aware of the offenses and legal elements of Defendant's crimes. It is Mexico's sovereign decision to address whether the U.S. charges violated the *non bis in idem* clause of the Extradition Treaty. In fact, the Mexican government explicitly addressed the merits of Defendant's *non bis in idem* arguments.

The Mexican government found Defendant's arguments unfounded and that *non bis in idem* will not be violated by extradition. The decree lays out, "[t]he acts underlying the formal request for [Defendant's] extradition were carried out on United States territory, in violation of that country's laws, and have been shown to form a distinct set of facts in manner, time, and place of commission."[19] If instances of conduct by the Defendant are distinct from each other and stand alone, "in no way can the cause for denial pursuant to Article 6 of the Extradition Treaty be held to apply."[20] Thus, the Mexican government makes clear that *non bis in idem* does not bar

---

[17] *United States v. Campbell*, 300 F.3d 202, 209 (2d Cir. 2002); *see also McGann v. United States Bd. of Parole*, 488 F.2d 39, 40 (3d Cir. 1973) (holding that under *Johnson*, a surrendering state's decision that an offense is extraditable cannot thereafter be reviewed by a court of the United States).

[18] *Campbell*, 300 F.3d at 209.

[19] Decree at 117.

[20] *Id.*

Defendant's extradition. As such, this court will not disturb the conclusion of the Mexican government.

Additionally, this court need not address the remaining arguments in the Defendant's motion. Defendant's remaining arguments regard interpretation and construction of the *non bis in idem* clause of the extradition treaty. Because this court will not be interpreting the *non bis in idem* clause in Defendant's case, the rest of his arguments are moot.

## IV.    CONCLUSION

In conclusion, this court will not revisit the decisions of the Mexican government in its extradition decree. This is because of the principles behind international comity. Accordingly, it is **HEREBY ORDERED** that "Daniel Franco Lopez's Motion to Dismiss and Memorandum of Law in Support" [ECF No. 1196] is **DENIED**.

**SIGNED AND ENTERED** this **6th** day of **June 2023.**

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**